**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL NO. 5:25-CR-00089-CHB-MAS**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**


**VS.**                              **PLAINTIFF'S RESPONSE TO**
                           **DEFENDANT'S MOTION TO SUPPRESS**


**JENNIFER GRIBBEN**                                                    **DEFENDANT**

**\*    \*    \*    \*    \***

Comes the plaintiff, United States of America, by counsel, and submits the following response to the Defendant, Jennifer Gribben's, motion to suppress, and states as follows:

**FACTUAL BACKGROUND**

On Monday, February 17, 2025, Homeland Security Investigations (HSI) Louisville, HSI Northern Kentucky, and HSI Lexington Special Agents (SA) and Task Force Officers (TFO) conducted a targeted enforcement operation around Winburn Drive in Lexington, Kentucky. The purpose of this operation was to effect the arrest of a known illegal alien with a criminal history including violation of Kentucky Law concerning the rape, sexual abuse and unlawful imprisonment. Upon arrival to the area officers set up

1

surveillance on the target address and ran the Kentucky registration plate ***219 for a 2007 Ford Escape.

During surveillance TFO Blanton witnessed a Hispanic Male, who closely matched the physical description of the target, in height, weight and hair style, exit the target address and enter the driver's seat of a vehicle parked out front, along with a white female (subsequently identified as the Defendant) who entered the front passenger seat. The vehicle, a gold Ford Escape bearing Kentucky registration plate ***219, departed the area along Winburn Drive to Russell Cave Road. Officers began to follow the target vehicle.  At one point an agent pulled alongside the target vehicle in an attempt to verify the driver was the target criminal alien. However, due to the dark window tint the agent was unable to make that determination.  Agents utilized emergency lighting and siren of the vehicle to affect the stop.

The driver then retrieved the registration and insurance for the vehicle and claimed to be the registered owner, Martin Lopez Rivera.  (Gov't Exh. 1).  An agent asked the driver if he had any form of identification that had his picture on it. The driver stated he did not, but subsequently, produced a Mexico consular card from his pocket and held it up to the window. (Gov't Exh. 2.)  Unlike the registration receipt and insurance, the driver would not pass his consular card to the agent through the cracked window.  Lopez Rivera was asked to hold the consular card up so that he could clearly see the photograph and it appeared to match the driver, along with a date of birth. Lopez-Rivera was asked if

2

he had any visas or work authorization, or otherwise permission to be in the United States and acknowledged that he did not.  The agent returned to his vehicle and utilized law enforcement databases to determine that Lopez Rivera was unlawfully present in the United States without inspection or permission.  Lopez Rivera was then arrested.

Since his arrest, Lopez Rivera has been before an Immigration Judge and released pending a final hearing on his status and removal.

## ARGUMENT

**I.    Officers had reasonable suspicion based on articulable facts to conduct an investigatory stop of the vehicle driven by an alien suspect.**

Defendant Gribben contends the traffic stop of the vehicle, she was a passenger in, was unlawful for lack of probable cause.  She argues that the stop was based on perceived ethnicity or nationality. There is no merit to this claim as the officers had articulable facts to support reasonable suspicion to conduct the traffic stop.

An officer may conduct a Fourth Amendment stop to investigate a crime only if the officer has a reasonable suspicion that a person had committed or was committing a crime. *Terry v. Ohio*, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968) (A police officer may "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'"); *United States v. Flowers*, 900 F.2d 145, 147 (6th Cir. 1990).

Here, officers had identified Lopez Rivera as a person illegally in the United States and having been charged with violations of state laws.  Officers had also discovered an

apartment building associated with him; a vehicle registered to him at that location; and observed a person fitting his physical description.  These are articulable facts officers had prior to the traffic stop that support reasonable suspicion.

## CONCLUSION

For the reasons stated above, the United States respectfully requests the Court to deny the Defendant's motion.

Respectfully submitted,

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY


By:   *s/Ron L. Walker Jr.*
Ron L. Walker Jr.
Assistant United States Attorney
260 West Vine Street, Ste. 300
Lexington, Kentucky 40507-1612
(859) 685-4889
Ron.walker@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on  January 12, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*s/ Ron L. Walker Jr.*
Ron L. Walker Jr.
Assistant United States Attorney

4