UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL NO. 25-CR–000089-CHB-MAS**

**UNITED STATES OF AMERICA**                                                                           **PLAINTIFF**

**V.**            **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

**JENNIFER A. GRIBBEN**                                                                                    **DEFENDANT**

\*   \*   \*   \*   \*   \*

Comes the United States of America, by counsel, pursuant to the Order of the Court, and submits the attached proposed Instructions on the substantive law of the case for use at the trial of this action. Standard instructions are requested from the Sixth Circuit Pattern Criminal Jury Instructions: §§ 1.01, 1.02, 1.03, 1.04, 1.05, 1.06, 1.07A, 107B, 1.08, 1.09, 2.01, 2.01A, 2.04, 2.08, 2.12, 7.01, 7.02A or 7.02B (whichever is applicable), 7.14, 7.19, 7.20, 8.01, 8.02, 8.03, 8.04, 8.05, 8.06, 8.09, 8.10.

The United States respectfully reserves the right to withdraw or submit additional instructions if the evidence at the trial so warrants.

        Respectfully submitted,

        PAUL C. McCAFFREY
        ACTING UNITED STATES ATTORNEY

BY:   */s/Ron L. Walker Jr.*
        Ron L. Walker Jr.
        Assistant United States Attorney
        260 West Vine Street, Suite 300
        Lexington, Kentucky 40507
        Phone (859) 685-4889
        FAX 859-233-2747
        Ron.Walker@usdoj.gov

## CERTIFICATE OF SERVICE

On January 13, 2026, I electronically filed this motion through the ECF system, which will send the notice of electronic filing to counsel of record.

        s/Ron L. Walker Jr.
        Assistant United States Attorney

### 2.07 Forcibly Assaulting a Federal Officer
### 18 U.S.C. §§ 111(a), (b)

Title 18, United States Code, Section 111(a)(1) makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated as a federal officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while the officer is engaged in the performance of his official duties.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with a federal officer, as described below;

*Second*: That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with while engaged in the performance of his official duty or on account of the performance of official duties; and

*Third*: That the defendant did such acts intentionally;

[*Fourth*: That such acts involved physical contact with the officer.]

[*Fifth*: That in doing such acts, the defendant used a deadly or dangerous weapon or inflicted bodily injury.]

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured, or the threat or

attempt was actually carried out.

[The term "deadly or dangerous weapon" means any object capable of inflicting death or bodily injury. For such a weapon to have been "used," the government must prove not only that the defendant possessed the weapon but also that the defendant intentionally displayed it while carrying out the forcible assault.] [The term "bodily injury" means an injury that is painful and obvious, or an injury for which medical attention would ordinarily be sought.]

You are instructed that Special Agents B.L. and K.B. of the Homeland Security Investigations are federal officers, and that it is a part of the official duty of such an officer to investigate violations of the United States's customs and immigration laws.

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally committed a forcible assault upon that officer.

On the other hand, the defendant would not be guilty of an assault if the evidence leaves you with a reasonable doubt as to whether the defendant knew the person to be a federal officer and only committed such an act because of a reasonable, good faith belief that the defendant needed to defend himself against an assault by a private citizen.

**Fifth Circuit Pattern Jury Instruction No. 2.07 Forcibly Assaulting a Federal Officer; 18 U.S.C. §§ 111(a), 111(b)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 25-CR–000089-CHB-MAS**

**UNITED STATES OF AMERICA**                                                                     **PLAINTIFF**

**V.**                                           **<u>VERDICT FORM</u>**

**JENNIFER A. GRIBBEN**                                                    **DEFENDANT**

\*     \*     \*     \*     \*

We, the Jury, find the following:

As to Count 1 which charges the crime of assault of federal officer B.L., in violation of federal law. We, the jury, find **JENNIFER A. GRIBBEN:**

     GUILTY _____        NOT GUILTY _____

_____

**FOREPERSON**

As to Count 2 which charges the crime of assault of federal officer, K.B., in violation of federal law. We, the jury, find **JENNIFER A. GRIBBEN:**

     GUILTY _____        NOT GUILTY _____

_____

**FOREPERSON**