# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

**CRIMINAL ACTION NO. 25-CR-0089-CBH**

**UNITED STATES OF AMERICA**                                     **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**JENNIFER A. GRIBBEN**                                          **DEFENDANT**

\*     \*     \*     \*     \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the lesser included charges in Counts 1 and 2 of the Indictment, charging misdemeanor violations of 18 U.S.C. 111(a), assaulting, resisting, or impeding a person in performance of official duties.

2. The essential elements of Count 18 U.S.C. § 111(a) are:

   (a) The defendant did forcibly assault, resist, oppose, impede, intimidate, or interfere with an officer or employee;

   (b) The Defendant acted knowingly and voluntarily; and

   (c) The assault, resistance, opposition, impediment, intimidation or interference occurred while the officer or employee was engaged or on account of the performance of his official duties as an officer or employee of the federal government.

3. As to the lesser included charges of Counts 1 and 2 of the Indictment, the United States could prove the following facts that establish the essential elements of the offense

1

beyond a reasonable doubt, and the Defendant admits these facts:

(a) On February 17, 2025, Homeland Security Investigation agents, including B.L. and J.B., were attempting to effectuate the arrest of an illegal alien. Officers observed a Hispanic male generally fitting the description of the wanted illegal alien. Attempts to further identify the driver by driving alongside the vehicle were unsuccessful due to tinted windows for both vehicles. A traffic stop was initiated and officers determined that the driver was an illegal alien. As agents attempted to have the driver exit the vehicle, the Defendant began to verbally berate the officers and interfere with the arrest.

(b) As agents attempted to remove the driver, the Defendant grabbed HSI Special Agent K.B.'s arm and shirt. While other agents removed the driver, the Defendant began wildly swinging her arms, striking B.L. multiple times on his chest area. The officers were at all relevant times engaged in the performance of their official duties.

4. The statutory punishment for the lesser included charges for Counts 1 and 2 of the Indictment is imprisonment for not more than one year, a fine of not more than $100,000, and a term of supervised release of not more than 1 year. A mandatory special assessment of $25 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 above and the provided discovery materials.

(c) Pursuant to U.S.S.G. § 2A2.4(a), the base offense level is 10.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant understands and agrees, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

10.  If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11.  This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

12.  This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13.  The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: June 10, 2026          By:  _____
                                  Ron L. Walker Jr.
                                  Assistant United States Attorney

Date: June 16, 2026          _____
                             Jennifer A. Gribben
                             Defendant

Date: June 16, 2026          _____
                             Erica Roland
                             Attorney for Defendant

4